IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER KARL GOODMAN, <br><br> Petitioner, <br><br><br><br> vs. <br><br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 <br><br><br><br><br> Civil Case No. 2:04-CV-767 TS <br><br> Criminal Case No. 2:03-CR-558 TS |

Petitioner Christopher Karl Goodman brings a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government has filed a Motion to Dismiss. Petitioner is proceeding *pro se* in this matter. The Court finds that Petitioner has waived his right to collateral appeal, and that, in any event, Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because *Booker* does not apply to cases on collateral appeal. Therefore, the Court will grant the government's Motion to Dismiss and close this case.

1

On July 15, 2003, Petitioner was charged in a single-count Felony Information with False Statement to a Financial Institution.[1]  Petitioner waived indictment and pleaded guilty to the charge on July 28, 2003.  A presentence report was prepared, and Defendant was sentenced on January 6, 2004, to a low-end sentence of 24 months incarceration.  The entry of judgment was delayed so that the Court could conduct a restitution hearing on February 6, 2004, at which time the parties reached an agreement regarding restitution.  Judgment was entered on January 9, 2004.  Petitioner did not pursue a direct appeal.

## DISCUSSION

Petitioner's argument centers on the recent Supreme Court cases of *Blakely v. Washington*[2] and *United States v. Booker*.[3]  Petitioner argues that the Court's upward enhancements to Petitioner's sentencing guidelines offense level, based upon facts not expressly admitted by Petitioner, as well as the Court's finding of a restitution amount, are in violation of his Fourth and Sixth Amendment rights.

In his Statement in Advance of Plea of Guilty,[4] Petitioner expressly waived his rights to both direct and collateral appeal.  Specifically, Petitioner states that "I also knowingly, voluntarily and expressly waive my right to challenge my conviction and sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other

---

[1] Case No. 2:03-CR-558 TS.

[2] 540 U.S. 965 (2004).

[3] 125 S.Ct. 738 (2005).

[4] Statement in Advance of Plea at 4.  Docket No. 6 in Case No. 2:03-CR-558 TS.

procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[5] That document, combined with the substance of the colloquy between Petitioner and the Court during the change of plea hearing, offer numerous examples that Petitioner's waiver of his appeal rights was knowing and voluntary, and is binding upon Petitioner, thus barring the instant action. However, the Court need not engage in the full analysis of the applicability of the appeal waiver here because the underlying arguments in the Petitioner are wholly without merit. Therefore, while the Court finds that Petitioner has effectively waived his collateral appeal rights, the Court also finds that the relief requested by Petitioner is not available.

Simply put, *Booker* does not apply to cases on collateral appeal. However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable. The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[6] The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[7]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court

---

[5] *Id.*

[6] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[7] 125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

decided *Blakely*, June 24, 2004."[8]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[9]  Because Petitioner's conviction was clearly final by June 24, 2004, The Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that the government's Motion to Dismiss is GRANTED.  It is further

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 4th day of October, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[9] *United States v. Lucero*, 123 Fed. Appx. 918, 2005 WL 388731 (10th Cir. Feb. 18, 2005) (unpublished opinion).